[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11639

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHARLES JACKSON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:14-cr-00052-TWT-JSA-2

————————————————

Before JORDAN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Jackson, a federal prisoner proceeding *pro se*, appeals the denial of his motion for compassionate release pursuant to the First Step Act.[1] The government, in turn, moves for summary affirmance and to stay briefing.

The record shows that a federal grand jury charged Jackson with, among other things, one count of armed robbery of a postal worker through use of a dangerous weapon, 18 U.S.C. §§ 2, 2114(a) ("Count 2") and one count of use of a weapon during a crime of violence, 18 U.S.C. §§ 2, 924(c)(1)(A) ("Count 3"). He later pled guilty to these charges. The district court sentenced him to a total of 228 months' imprisonment, followed by 3 years' supervised release.

After filing several motions not relevant to the current appeal, Jackson filed his initial motion for compassionate release, which the district court denied in 2021. Later, Jackson filed the present *pro se* motion for compassionate release. The district court denied his motion, finding that he lacked extraordinary and compelling reasons meriting relief, the 18 U.S.C. § 3553(a) factors did not weigh in favor of release, and he presented a danger to the community. In doing so, the court otherwise incorporated by reference

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

its 2021 order denying his first motion for compassionate release. This appeal follows.

On appeal, Jackson, who is still *pro se,* argues that the district court overestimated the need for just punishment and his danger to the community when it considered the § 3553(a) factors. He asserts that COVID-19 in combination with his health issues and the prison environment still presented an extraordinary and compelling reason, even with the availability of vaccines. He contends that the district court abused its discretion by relying on its previous order in 2021 to formulate its new order. He does not expressly note or argue against the district court's finding that he would be a danger to the community.

Rather than responding, the government moves for summary affirmance. It argues that his medical conditions and the existence of COVID-19 did not qualify as an extraordinary and compelling reason. It asserts that district court properly weighed the § 3553(a) factors and properly found he represented a danger to the community.

I.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . ." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance shall postpone the

due date for the filing of any remaining brief until we rule on such motion. 11th Cir. R. 31-1(c).

We will review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings that are clearly erroneous. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

We liberally construe *pro se* pleadings. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). An appellant abandons a claim when he makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. *See Sapuppo v. Allstate Floridan Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

In the context of compassionate release, the statute provides that "the court, upon . . . motion of the defendant . . ., may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A) also requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the

Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A).  U.S.S.G. § 1B1.13.

The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, including the death of a caregiver of a minor child, and (D) "other reasons."  *Id.*, cmt. (n.1(A)–(D)).  Subsection D serves as a catch all provision, providing that a prisoner may be eligible for relief if, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  *Id.*, cmt. (n.1(D)).

Section 1B1.13 says that extraordinary and compelling reasons exist if the defendant is suffering from, among other things, a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover.  *Id.* cmt. (n.1(A)(i)).

We have noted that the fact that a prisoner has a common ailment that could "possibly" make his risk of a serious illness "more likely" if he contracts COVID-19 is not the kind of debilitating condition that meets the policy-statement definition of an "extraordinary and compelling reason" for early release from prison.  *See Harris*, 989 F.3d at 912.

The § 3553(a) factors include, among other things, the nature and circumstances of the defendant's offense, his history and characteristics, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). It is the defendant's burden to show that his circumstances warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The policy statement also requires district courts to determine that a defendant is no longer a danger to the safety of others or to the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2). These factors include the nature and circumstances of the offense—including whether the crime involved a controlled substance—the weight of the evidence against the person, the history and characteristics of the person—including physical and mental condition, family tires, past conduct, history relating to drug or alcohol abuse, and criminal history—and the nature and seriousness of the danger to any person or community posed by the person's release. 18 U.S.C. § 3142.

A district court may reduce a term of imprisonment if the § 3553(a) factors favored doing so, there are extraordinary and compelling reasons for doing so, and the reduction would not endanger any person or the community. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). All of these necessary conditions must be satisfied before it can grant a reduction. *Id.* Therefore, the absence of even one condition would foreclose a sentence reduction. *Id.* at 1238.

22-11639                Opinion of the Court                7

We conclude that summary affirmance is warranted here for several reasons. First, Jackson did not identify an extraordinary and compelling reason for releasing him. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. (n.1(A)–(D)); *Harris*, 989 F.3d at 912. Second, with respect to the § 3553(a) factors, he did not show that those factors weighed in his favor. 18 U.S.C. § 3582(c)(1)(A)(i). Third, with respect to the danger he posed to the community, Jackson has likely abandoned any argument related to the district court finding in that respect, but even if he has not, he did not show that the district court abused its discretion when it found that he was still a danger to the community, particularly given the circumstances of his offense conduct. *Cordero*, 7 F.4th at 1068 n.11; *Sapuppo*, 739 F.3d at 680; *see* 18 U.S.C. § 3142; U.S.S.G. § 1B1.13(2). We can affirm the denial on any of these grounds. *Tinker*, 14 F.4th at 1237–38

Finally, Jackson does not show how the district court abused its discretion when it incorporated by reference its previous order. The district court did not follow an improper procedure in this respect, incorporation facilitated meaningful appellate review of Jackson's claims, and there is no indication that he was harmed by the court's action. *Barrington*, 648 F.3d at 1194.

## II.

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion

8                       Opinion of the Court                22-11639

for summary affirmance and deny its motion to stay the briefing schedule as moot.  *Groendyke Transp., Inc.*, 406 F.2d at 1162; *see also* 11th Cir. R. 31-1(c).

**AFFIRMED.**